UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE COOKE,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:13cv1048(RNC) |

RULING ON DEFENDANT'S MOTION

The plaintiff, Denise Cooke, brings this negligence action against the defendant, Mercedes-Benz, alleging that she was injured when her vehicle's head safety restraint spontaneously deployed. Pending before the court is the defendant's motion for discovery sanctions. (Doc. #39.) The defendant argues that the plaintiff is in violation of the court's January 14, 2014 discovery order. The court heard oral argument on May 8, 2014.

## I. Background

The plaintiff owns a 2005 Mercedes Benz. While she was driving in 2012, the driver's side head restraint system deployed. Plaintiff alleges that she was injured and "forced to call out from work over the course of multiple days and cancel important media and publicity obligations." (Compl. ¶8.) The plaintiff filed suit in state court. In July 2013, the defendant removed on grounds of diversity.

On September 13, 2013, the defendant served interrogatories and requests for production. The plaintiff did not respond within the thirty day deadline. See Fed. R. Civ. P. 33(b)(2), Fed. R.

Civ. P. 34(b)(2)(A). On November 14, 2013, almost a month after the responses were due, the plaintiff served an unverified[1] "draft" response to some of the interrogatories. Plaintiff produced no documents nor did she serve a written response to the document requests.

On December 20, 2013, the defendant filed a motion to compel. (Doc. #31.) Among other things, the defendant complained that the interrogatory responses were not verified and that certain responses (which it enumerated) were insufficient. The plaintiff did not file any response to the defendant's motion nor did she attempt to address the deficiencies. On January 14, 2014, the court granted the defendant's motion insofar as it sought an order compelling responses to its discovery. The court ordered the plaintiff to provide "full and complete answers" to interrogatories and requests for production within 14 days of the court's order pursuant to D. Conn. L. Civ. R. 37(d). The court warned the plaintiff that "[a] party who flouts [discovery] orders does so at his peril," Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988), and that failure to comply with a court order

[1]Federal Rule of Civil Procedure 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3),(5). "Rule 33, requiring verification and signature, is among the simplest of all the Rules of Procedure . . . ." Saria v. Massachusetts Mut. Life Ins. Co., 228 F.R.D. 536, 539 (S.D.W.Va. 2005).

might result in the imposition of sanctions, including dismissal.[2] (Doc. #33.)

II. Discussion

Defendant informs the court that plaintiff's counsel produced discovery responses on February 4, 2014, but that the responses remain insufficient and inadequate. On April 3, 2014, the defendant filed the instant motion contending that the plaintiff has not complied with the court's January 2014 order and seeking the imposition of discovery sanctions, including dismissal, pursuant to Rule 37(b)(2)(A).[3] (Doc. #39.)

---

[2]The court denied without prejudice the defendant's request to "immediate[ly] dismiss" the plaintiff's complaint if the plaintiff served "anything less than full and complete discovery responses."

[3]Rule 37(b) provides in pertinent part:

> (b) Failure to Comply with a Court Order.
> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

A. Interrogatories

The defendant states that the plaintiff's February 4 interrogatory responses are nearly identical to her earlier version and remain incomplete. Having reviewed them, the court rules as follows:

1. Interrogatory 1, which requests the plaintiff's social security number, is granted. The plaintiff shall provide this information.[4]

2. Interrogatories 2 and 4 seek information regarding the plaintiff's loss of income. For the first time since the defendant requested this discovery in September 2013, the plaintiff states that she no longer asserts a claim for lost income and therefore, "should not be required to produce such information." (Doc. #41 at 2.) The day after oral argument, the plaintiff filed a stipulation to this effect. See doc. #44. In view of the plaintiff's

---

> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> * * *
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

[4]Plaintiff may provide this information pursuant to a protective order or confidentiality agreement.

withdrawal of this damages claim, the defendant withdrew interrogatories 2 and 4.

3. Interrogatory 6 and Request for Production 16 seek medical information. During oral argument, the defendant modified interrogatory 6[5] to seek the identity of physicians, hospitals or other health care providers who rendered the plaintiff medical advice, treatment, or services concerning (1) any orthopedic and/or muscular problems and (2) treatment or counseling for any addiction or psychological condition up to 10 years before the subject incident. Interrogatory 6, as modified by the defendant, and production request 16, which seeks the corresponding records[6], are granted.

4. Interrogatory 7 is granted. The plaintiff shall identify "every person who has had possession of the vehicle."

5. Interrogatory 14 is granted. The plaintiff shall specify (1) the date of each communication; (2) the substance of each communication; (3) the identity of the person(s) who were a party to or present during each communication; (4) whether the

---

[5]The plaintiff did not interpose an objection to the initial request in interrogatory 16, which was far more broad. See Fed. R. Civ. P. 33(b)(4)("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.") She did not provide a response at all to Request for Production 16.

[6]The plaintiff said that she is amenable to executing releases for the documents rather than obtaining the documents herself. In addition, during oral argument, the plaintiff specifically agreed to execute the "Yale" release sought by the defendant.

communications were written or oral; and (5) the name and address of each person or entity in possession of any communication that has been reduced to writing or recorded.

6. Interrogatory 16 is granted. The plaintiff shall specify (1) the date(s) of each such examination, inspection, analysis, viewing, testing or appraisal; (2) whether any reports were prepared as a result of each such examination, inspection, analysis, viewing, testing or appraisal; and (3) the name and address of the person(s) currently in possession of any such report(s).

7. Interrogatories 17 - 19 seek information regarding the plaintiff's allegations. These are contention interrogatories, which are permitted by Federal Rule of Civil Procedure 33(a)(2) and serve "to discover the theory of the responding party's case." Sheehy v. Ridge Tool Co., No. 3:05CV1614(CFD)(TPS), 2007 WL 1020742, *1 (D. Conn. Apr. 2, 2007). Such interrogatories "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 233 (E.D.N.Y. 2007). Contention interrogatories can be a useful tool to "minimize uncertainty concerning the scope of [a plaintiff's] claims." Vidimos, Inc. v. Laser Lab Ltd., 99 F.3d 217, 222 (7th Cir. 1996). The interrogatories are granted.

8. Interrogatory 25, which seeks various information about the plaintiff's proposed expert(s), is granted.[7]

9. Plaintiff's answer to interrogatory 26 is responsive.

The plaintiff must provide her answers to each interrogatory "separately and fully in writing under oath." Rule 33(b)(3).

B. Requests for Production

1. Production requests 8, 12 and 13 are withdrawn by the moving party in light of the fact that the plaintiff is no longer asserting a claim for lost income.

2. Production requests 19 - 21: The plaintiff shall list the documents she has produced to date and indicate whether she has produced all responsive documents. See also Fed. R. Civ. P. 26(e)(parties have an on-going duty to supplement or correct disclosures or responses).

C. Sanctions

A district court may sanction a party who fails to comply with a discovery order of that court, including dismissing the action in whole or in part. See Fed. R. Civ. P. 37(b)(2)(A)(v).

> Disciplinary sanctions under Rule 37 are intended to 'ensure that a party will not benefit from its own failure to comply,' to obtain specific compliance and 'to

[7]Unless otherwise ordered, a party intending to call an expert witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B) or (a)(2)(C), whichever applies. According to the operative scheduling order, plaintiff's experts must be disclosed by August 1, 2014, and be deposed on or before September 15, 2014. (Doc. #25.)

> serve a general deterrent effect on the case at hand and on other litigation.' Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010). In exercising its discretion to impose Rule 37 sanctions, the court is guided by the following factors: (1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions. Id. at 144.
>
> Dismissal under Rule 37 may be justified by a showing of 'willfulness, bad faith, or fault on the part of the sanctioned party,' including 'gross negligence' in following discovery orders. Southern New England Telephone Co. v. Global NAPs, Inc., 251 F.R.D. 82, 90 (D. Conn. 2008), aff'd, 624 F.3d 123 (2d Cir. 2010). 'While a showing of prejudice to the moving party is not a requirement for a dismissal under Rule 37, a court may consider it in weighing the appropriateness of the sanction.' Id. Dismissal is a drastic remedy generally to be used only when the court has considered lesser alternatives.' Southern New England Telephone Co., 624 F.3d at 144.

Kellogg v. J.C. Penney Corp., Inc., No. 3:11CV733(RNC)(DFM), 2013 WL 308985, at *2 (D. Conn. Jan. 25, 2013). "[A]lthough the decision to impose sanctions . . . is uniquely within the province of a district court, . . . any such decision [must be] made with restraint and discretion." Mantell v. Chassman, Nos. 11-4799(L), 12-1101(con), 2013 WL 616379, at *1 (2d Cir. Feb. 20, 2013) (citing Salovaara v. Eckert, 222 F.3d 19, 27 (2d Cir. 2000)).

The plaintiff's responses to the discovery requests were inadequate. As noted, the plaintiff's initial responses were both late and incomplete. The plaintiff did not respond to the defendant's first motion to compel and made no effort to supplement her responses after the defendant filed the instant motion for

sanctions.  To make matters worse, the plaintiff then failed to comply with the court's order.  During oral argument, plaintiff's counsel did not attempt to muster a legal argument against the defendant's motion.  The plaintiff's conduct has resulted in unnecessary delay and expense.

That said, the extreme sanction of dismissal is not warranted. Although the plaintiff's noncompliance has been protracted and continued after counsel was warned that further noncompliance might result in sanctions, it does not appear that either plaintiff or her counsel acted willfully or in bad faith.  Plaintiff and her counsel are now well aware of the precarious position in which their noncompliance has placed the case.  Lesser sanctions should be sufficient to secure the just, speedy and inexpensive determination of this action. See Fed. R. Civ. P. 1.

Pursuant to Rule 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Because the plaintiff has failed to show substantial justification for her actions or that imposing sanctions would be otherwise unjust, the defendant is awarded its reasonable expenses, including attorney's fees.  Counsel are encouraged to confer and agree on the appropriate amount of fees to be imposed.

On or before May 30, 2014, plaintiff's counsel shall serve supplemental responses. All other deadlines remain in effect.

Plaintiff is cautioned that further noncompliance with any court order may result in dismissal of her case with prejudice. Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

Plaintiff's counsel shall mail a copy of this ruling to his client.

SO ORDERED at Hartford, Connecticut this 16th day of May, 2014.

/s/
Donna F. Martinez
United States Magistrate Judge